UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONFORMIS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ACACIA RESEARCH GROUP LLC, ADVANCED SKELETAL INNOVATIONS LLC, BONUTTI SKELETAL INNOVATIONS LLC, and PHILLIP MITCHELL,<br><br>    Defendants. | Civil Action No. 13-cv-10377-PBS |

**MEMORANDUM IN SUPPORT OF DEFENDANT BONUTTI SKELETAL INNOVATIONS LLC'S MOTION TO SEVER AND DISMISS, OR IN THE ALTERNATIVE TRANSFER THE CLAIMS AGAINST BONUTTI SKELETAL INNOVATIONS LLC TO THE DISTRICT OF DELAWARE**

i

## **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................... 1

II.    PROCEDURAL AND FACTUAL BACKGROUND. ...................................................... 2

III.   NEITHER ADVANCED SKELETAL NOR ARG ARE A PROPER PARTY TO COUNTS I AND II OF THE COMPLAINT ................................................................... 3

IV.   CONFORMIS'S PATENT CLAIMS AGAINST BONUTTI SKELETAL SHOULD BE SEVERED. ................................................................................................................. 5

    A.   ConforMIS's Patent Claims Do Not Arise Out of the Same Transaction or Occurrence as the Contract and Tort Claims. ................................................................... 6

    B.   No Question of Law or Fact Common to All Defendants Will Arise in the Action ........... 8

V.    THE PATENT CLAIMS AGAINST BONUTTI SKELETAL SHOULD BE SEVERED IN THE INTEREST OF JUSTICE ............................................................ 9

VI.   THE COURT HAS BROAD DISCRETION TO DISMISS CONFORMIS'S DECLARATORY JUDGMENT CLAIMS ...................................................................... 11

VII.  THE CLAIMS AGAINST BONUTTI SKELETAL SHOULD BE TRANSFERRED TO THE DISTRICT OF DELAWARE. .......................................................................... 11

VIII. CONCLUSION ............................................................................................................... 14

NY 74541510

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*MedImmune, Inc. v. Genentech, Inc.,*
   549 U.S. 118 (2007)..................................................................................................3

*Augme Technologies, Inc. v. AOL Inc.,*
   No. 09-cv-4299, 2012 WL 2402065 (S.D.N.Y. June 26, 2012)............................8, 9

*E-Z Pack Manufacturering v. RDK Truck Sales & Service,*
   No. 8:10-cv-1870, 2011 U.S. Dist. LEXIS 97274 (M.D. Fla. Aug. 10, 2011).........9

*Genentech, Inc. v. Eli Lilly and Company,*
   998 F.2d 931 (Fed. Cir. 1993)..................................................................................12

*In re EMC Corp.,*
   677 F.3d 1351 (Fed. Cir. 2012)..............................................................................5, 6

*Kleinerman v. Luxtron Corp.,*
   107 F. Supp. 2d 122 (D. Mass. 2000) ..............................................................12, 13

*Mars, Inc. v. Coin Acceptors, Inc.,*
   527 F.3d 1359 (Fed. Cir. 2008)..................................................................................4

*New England Pottery, LLC v. Holiday Creations, Inc.,*
   No. 07-11325, 2008 WL 364273 (D. Mass. Feb. 11, 2008) ....................................11

*New Sensations, Inc. v. DOES 1-175,*
   No. 12-11721-FDS, 2012 WL 5464349 (D. Mass. Nov. 5, 2012)....................5, 6, 9

*Nowak v. Tak How Investments, Ltd.,*
   94 F.3d 708 (1st Cir.1996)........................................................................................12

*Salomon S.A. v. Scott USA Limited Partnership,*
   117 F.R.D. 320 (D. Mass. 1987)................................................................................9

*Serco Services Co. v. Kelley Company,*
   51 F.3d 1037 (Fed. Cir. 1995).................................................................... 4, 11, 12

*Tab Express International v. Aviation Simulation Technology, Inc.,*
   215 F.R.D. 621 (D. Kan. 2003).................................................................7, 8, 9, 10

*Trans National Travel, Inc. d/b/a TNT Vacations v. Sun Pacific International, Inc.,*
   10 F. Supp. 2d 79 (D. Mass.1998) ..........................................................................13

NY 74541510

*Travel Sentry, Inc. v. Tropp*,
  No. 06-cv-118-JD, 2006 U.S. Dist. LEXIS 87292 (D.N.H. Dec. 1, 2006) ............................... 4

*Wyndham Assoc. v. Bintliff*,
  398 F.2d 614 (2d Cir. 1968) .................................................................................................. 9

**STATUTES & RULES**

28 U.S.C. § 1404(a) ..................................................................................................................... 12

28 U.S.C. § 2201 .......................................................................................................................... 11

35 U.S.C. §§ 100, 281 .................................................................................................................... 4

Federal Rule of Civil Procedure 20 .......................................................................................... 5, 6

Federal Rule of Civil Procedure 21 ...................................................................................... 5, 8, 9

Federal Rules of Civil Procedure 13(a) ........................................................................................ 6

**OTHER AUTHORITIES**

7 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1689 (3d
  ed. 2012) ................................................................................................................................. 9

## I. INTRODUCTION

Defendant, Bonutti Skeletal Innovations LLC ("Bonutti Skeletal"), hereby moves to sever Plaintiff's, ConforMIS, Inc. ("ConforMIS"), claims against Bonutti Skeletal and dismiss them outright, or, alternatively, transfer them to the District of Delaware where an earlier, first-filed patent infringement action encompassing the same patent-related counts is pending. The Court should grant Bonutti Skeletal's motion in the interests of justice, in furtherance of judicial economy and as a matter of sound judicial policy.

In a transparent attempt to avoid the first-to-file rule, and to entice this Court to exercise jurisdiction over the present action, and, in particular, the declaratory judgment patent claims of Counts I and II, ConforMIS asserts state law claims and joins new parties in Counts III-VI of the present action, including Bonutti Skeletal's parent company, Acacia Research Group LLC ("ARG"). The purpose for mounting all these allegations together in the present action is to argue that there are related causes of actions all pending against ARG so that the Court exercises jurisdiction over the declaratory judgment patent claims of Counts I and II, instead of transferring them for consolidation with the earlier filed Delaware Action.

As will be demonstrated herein, and in separate motions filed by ARG and Advanced Skeletal Innovations LLC ("Advanced Skeletal"), neither ARG nor Advanced Skeletal have any ownership rights in the patent-in-suit and thus are not proper parties to the declaratory judgment patent claims of Counts I and II. Since the Patent Claims of Counts I and II are only proper against Bonutti Skeletal, and since Counts III-VI are severable, separate and distinct from Counts I and II, Counts I and II should be severed and dismissed as to Bonutti Skeletal, or in the alternative transferred to the District of Delaware.

1

## II.  PROCEDURAL AND FACTUAL BACKGROUND

On September 10, 2012, Bonutti Skeletal filed an action against ConforMIS, a Delaware Corporation, in the District of Delaware charging ConforMIS with infringement of U.S. Patent No. 7,806,896 ("the '896 Patent"). " *Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*, No. 12-1109 (D. Del.) ("the Delaware Action"). (Ex. A.)[1]  On that same day, Bonutti Skeletal filed three additional actions in the District of Delaware for infringement of, inter alia, the '896 Patent against several additional companies including, Zimmer, Smith & Nephew and Wright Medical ("Additional Delaware Actions" Exs. B-D.).

Over 5 months later and on the same day (February 25, 2013) that it moved to dismiss the Delaware Action,[2] ConforMIS filed the present action, which included six causes of action against several parties.  ConforMIS has moved to dismiss the Delaware Action, or in the alternative transfer the Delaware Action to this Court.  The Motion to Dismiss in the Delaware Action has been briefed but not yet decided by the Delaware Court.

Only the first two Counts I and II of the present action are asserted against Bonutti Skeletal, while the remaining Counts III-VI are asserted against ARG and Philip Mitchell. ConforMIS's first two Counts I and II seek declaratory judgments of non-infringement and invalidity of the '896 Patent (Compl. ¶¶ 33-45) (hereinafter "the Patent Claims"), the same patent at issue in the Delaware Action and the Additional Delaware Actions.  ConforMIS asserted these Patent Claims against Bonutti Skeletal, Advanced Skeletal and ARG. (*Id.*)  The Patent Claims of Counts I and II, however, are improperly brought against Advanced Skeletal and ARG as neither has any ownership rights in and to the '896 Patent.  In fact, the Complaint

---

[1] The exhibits cited in this brief are attached to the Declaration of Kevin Gannon in Support of Bonutti Skeletal's Motion to Sever and Dismiss, or Alternatively Transfer the Claims Against Bonutti Skeletal Innovations LLC to the District of Delaware.

[2] In a further alternative, the Court can stay the present action pending resolution of ConforMIS's Motion to Dismiss the Delaware Action.

2

does not even allege ownership by either ARG or Advanced Skeletal.  Rather, Bonutti Skeletal owns the entire right, title and interest to the '896 Patent and has since before it filed the Delaware Action.  (Ex. E at 3; Ex. F.)  As a result, as demonstrated in Section III and in the separate motion filed by Advanced Skeletal and ARG, ConforMIS's Patent Claims against Advanced Skeletal and ARG are improper.

ConforMIS's remaining four causes of action (Counts III-VI), all asserted against ARG and Phillip Mitchell, are grounded in state contract and tort law (hereinafter "Contract and Tort Claims").  Specifically, these claims are for breach of contract, misappropriation of proprietary and confidential business information, unfair and deceptive trade practices under Massachusetts General Law 93A, and misrepresentation under Massachusetts common law.  (Compl ¶¶ 46-71.)  ConforMIS bases these Contract and Tort Claims on alleged misuse of its website by ARG and Mitchell, and asserts these claims against only ARG and Mitchell.  (*Id.*)  Critically, ConforMIS did not allege Bonutti Skeletal's misuse of the website or assert its Contract and Tort Claims of Counts III-IV against Bonutti Skeletal.

### III. NEITHER ADVANCED SKELETAL NOR ARG ARE A PROPER PARTY TO COUNTS I AND II OF THE COMPLAINT

The Patent Claims of Counts I and II purportedly assert declaratory judgment causes of action of non-infringement and invalidity of the '896 Patent against Bonutti Skeletal, Advanced Skeletal and ARG.  A Court's exercise of jurisdiction must resolve "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of the declaratory judgment*.*"  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126-27 (2007) quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).*  The Federal Circuit has explained that a "declaratory plaintiff" must satisfy the "jurisdictional requirement that the conflict be real and immediate, i.e., that there be a true, actual controversy

3

required by the Act." *See Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995) (internal quotation marks removed). Such a controversy requires that "the patentee has created in the declaratory plaintiff a reasonable apprehension of suit for infringement." *Id.* A proper defendant in a declaratory relief action for non-infringement or invalidity is a party who has standing to sue as a plaintiff in an infringement case. *Travel Sentry, Inc. v. Tropp*, No. 06-cv-118-JD, 2006 U.S. Dist. LEXIS 87292, at *6-7 (D.N.H. Dec. 1, 2006). Standing in an infringement action rests with a patent owner or an exclusive licensee. 35 U.S.C. §§ 100, 281; *Mars, Inc. v. Coin Acceptors, Inc.,* 527 F.3d 1359, 1367 (Fed. Cir. 2008).

Advanced Skeletal and ARG, however, are improper parties to the Patent Claims asserted in Counts I and II of the Complaint because neither party has any ownership rights in or to the '896 Patent. Bonutti Skeletal possesses all rights, title and interest in and to the '896 Patent at the time this Complaint was filed. (Ex. E) Since neither Advanced Skeletal nor ARG is the patentee, neither one has standing to bring an action for patent infringement of the '896 Patent against ConforMIS. As such, neither Advanced Skeletal nor ARG can create a "reasonable apprehension" of suit for infringement of the '896 Patent, and thus there can be no "true, actual controversy" between ConforMIS and Advanced Skeletal or ARG concerning the '896 Patent. Neither Advanced Skeletal nor ARG had or have standing to bring an infringement action on the '896 Patent against ConforMIS, and thus there can be no imminent threat of a patent infringement action being brought by either of them, and this Court has no jurisdiction over ConforMIS's declaratory judgment action as it relates to ARG and Advanced Skeletal. Thus, Bonutti Skeletal is the only party against which ConforMIS can colorably assert its declaratory judgment claims.

## IV. CONFORMIS'S PATENT CLAIMS AGAINST BONUTTI SKELETAL SHOULD BE SEVERED.

ConforMIS has joined Bonutti Skeletal and the other Defendants in this action alleging two distinct sets of claims, i.e., the Patent Claims that implicate only Bonutti Skeletal as demonstrated above,[3] and the Contract and Tort Claims against only ARG and Mitchell. This joinder is improper under Rule 20(a)(2) of the Federal Rules of Civil Procedure because multiple defendants may be joined in a single action only if the following two requirements are both satisfied:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action.

*New Sensations, Inc. v. DOES 1-175*, No. 12-11721-FDS, 2012 WL 5464349, at *2 (D. Mass. Nov. 5, 2012) (quoting Fed. R. Civ. P. 20(a)(2) (emphasis added)). Where joinder is improper, justice and fundamental fairness are best served by severing the improperly joined claims from the remaining claims under Rule 21 of the Federal Rules of Civil Procedure. *See id.* at *4-5; *see also In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (explaining that courts look to Rule 20 when "considering a motion to sever under Rule 21"). Therefore, the Patent Claims against Bonutti Skeletal for declaratory judgment of invalidity and non-infringement should be severed from the remaining Contract and Tort Claims ConforMIS asserted against ARG and Mitchell, and as demonstrated below, the Patent Claims against Bonutti Skeletal should be dismissed, or in the alternative transferred to be consolidated with the Delaware Action.

---

[3] Acacia and Advanced Skeletal are not the real parties to the Patent Infringement Claims of Count I or II as neither one is an owner of the '896 Patent. ConforMIS falsely makes this accusation against Acacia in an attempt to be able to claim party cross-over between the allegations of the Patent Claims and the Contract and Tort Claims.

5

### A. ConforMIS's Patent Claims Do Not Arise Out of the Same Transaction or Occurrence as the Contract and Tort Claims.

The transactions and occurrences underlying ARG's and Mitchell's purported misuse of ConforMIS's website in Counts III-VI are discrete and unrelated to the Patent Claims of Counts I and II because no logical relationship exists between these claims. *See New Sensations*, 2012 WL 5464349, at *2; *EMC*, 677 F.3d at 1357-1358 (noting that "the transaction-or-occurrence test of Rule 20(a) is similar to the transaction-or-occurrence test of Rule 13(a) for compulsory counterclaims, which has been construed as requiring a 'logical relationship' between the claims."). For there to be a logical relationship between claims, there must be "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id.*

There is no evidentiary overlap between ARG's and Mitchell's alleged use of ConforMIS's website and ConforMIS manufacturing, selling, and/or promoting the ConforMIS IUni G2 Unicompartmental Knee Resurfacing System and/or associated instruments, such as the iFit Implant-to-Implant Technology and iJig instrumentation, in an infringing manner. In its Complaint, ConforMIS did not allege any evidentiary overlap, a logical relationship, or even any relationship whatsoever, between these transactions and occurrences. In lieu thereof, ConforMIS attempted to establish a link between ARG's and Mitchell's use of ConforMIS's website and Bonutti Skeletal's ***due diligence*** and investigation before filing the Delaware Action by alleging that "based on information improperly and unfairly obtained by accessing proprietary and confidential business information on ConforMIS's website, Bonutti Skeletal filed a complaint against ConforMIS in the U.S. District Court for the District of Delaware" and that "Bonutti Skeletal filed the Delaware Complaint by and through, and as an agent of its owners Acacia Research and Advanced Skeletal." (Compl. ¶¶ 29, 42.) This is a red herring. Bonutti Skeletal

6

filed a patent infringement action against ConforMIS because of ConforMIS's infringement of the '896 Patent, not because of any alleged activity of ARG or anybody else.

The actions and activity at issue in the Patent Claims are ConforMIS's making, using, selling and inducing the infringing use of the '896 Patent. These actions or activity of ConforMIS which underlie and give rise to ConforMIS's infringement, and hence Bonutti Skeletal's action to readdress that infringement, have no relationship to any due diligence or investigation by ARG, Mitchell or anyone else. Due diligence conducted by a patentee or a related entity does not give rise to an accused infringer's acts constituting patent infringement. Although ConforMIS may have alleged a link between ARG's and Mitchell's use of ConforMIS's website and Bonutti Skeletal's filing of the Delaware Action, these due diligence activities are wholly independent from ConforMIS's infringing activities, activities that ConforMIS performed long before it learned of ARG's and Mitchell's purported improper website use. Whether or not ARG or anyone else investigated and uncovered ConforMIS's activity, ConforMIS was undertaking and performing these infringing activities, which are the underlying root cause and basis for the Patent Claims. And there is no evidentiary overlap between the actions performed by ConforMIS which constitute and form the basis for the allegations of infringement, and the independent, separate and distinct purported actions of ARG and Phillips Mitchell which form the basis for the Contract and Tort Claims of Counts III-VI.

Similar claims were simultaneously at issue in *Tab Express Intern., v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 622, 625 (D. Kan. 2003), a case between a single plaintiff and a single defendant where the court severed plaintiff's claims for breach of contract, breach of warranty, and breach of the duty of good faith (to name a few) from defendant's counterclaims for patent infringement. Plaintiff's breach of contract claims arose from plaintiff's

7

purchase of a flight simulator from defendant. *Id.* at 622. Defendant's infringement claims arose from plaintiff's use of flight simulator products. *Id.* at 623. The court held that the circumstances underlying the plaintiff's non-patent claims were "completely separate" from the circumstances surrounding defendant's patent claims. *Id.* at 625. As in *Tab Express*, the circumstances underlying the Contract and Tort Claims are "completely separate" from the circumstances surrounding ConforMIS's claims for non-infringement and invalidity of the '896 Patent.

The right to relief for the Contract and Tort Claims do not arise out of the same actions and activity as the Patent Claims. It is clear that there is no relationship, let alone a reasonable relationship, between ConforMIS's Patent Claims that implicate only Bonutti Skeletal and ConforMIS's activity on the one hand, and ConforMIS's Contract and Tort Claims that implicate the purported activity of and are asserted against only ARG and Mitchell on the other hand. Therefore, ConforMIS has improperly joined Bonutti Skeletal in this action. Under Rule 21 of the Federal Rules of Civil Procedure, the claims against Bonutti Skeletal should be severed.

      **B.**    **No Question of Law or Fact Common to All Defendants Will Arise in the Action.**

Common questions of fact and law do not exist between ConforMIS's two sets of claims at least because the two sets of claims arise from entirely different transactions and circumstances, and especially because the two sets of claims are based on distinct sets of laws. *See Augme Technologies, Inc. v. AOL Inc.*, No. 09-cv-4299, 2012 WL 2402065, at *3 (S.D.N.Y. June 26, 2012) (explaining that "the Patent Claims present distinct and unrelated questions of fact and law compared to those presented by the Trademark Claims."); *Tab Express*, 215 F.R.D. at 624-25 (concluding that patent infringement claims "d[id] not involve a single question of law or fact" that was also at issue in contract and tort claims). Moreover, ConforMIS has not alleged

8

that its Contract or Tort Claims have any bearing on the issues of patent infringement and invalidity from the Patent Claims. Because there are no common questions of law or fact between (i) the Patent Claims on the one hand, and (ii) the Contract and Tort Claims on the other hand, because the Contract and Tort Claims are asserted against only ARG and Phillip Mitchell, and because, as explained above, the Patent Claims implicate only Bonutti Skeletal, there are no questions of fact or law common to Bonutti Skeletal and the other Defendants. Accordingly, ConforMIS has improperly joined Bonutti Skeletal in this action. Under Rule 21 of the Federal Rules of Civil Procedure, the Patent Claims of Counts I and II against Bonutti Skeletal should be severed from the Contract and Tort Claims of Counts III-VI.

## V. THE PATENT CLAIMS AGAINST BONUTTI SKELETAL SHOULD BE SEVERED IN THE INTEREST OF JUSTICE

Even if the Court determines that Bonutti Skeletal is properly joined in this action, the claims against Bonutti Skeletal should nonetheless be severed in the interests of justice. Under Rule 21 of the Federal Rules of Civil Procedure, "the Court has discretion to 'sever any claim against any party.'" *New Sensations*, 2012 WL5464349, at * 4. The Rule is not limited to misjoinder situations. *See Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *Tab Express*, 215 F.R.D. at 623; 7 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1689 (3d ed. 2012). Moreover, this Court "has broad discretion on such questions of severance." *Salomon S.A. v. Scott USA Ltd. P'Ship*, 117 F.R.D. 320, 321 (D. Mass. 1987). In evaluating whether to sever claims in the interests of justice, courts generally consider the rules for joinder as well as the additional factors of promoting judicial economy and prejudice to the parties. *See, e.g.*, *Tab Express*, 215 F.R.D. at 623; *E-Z Pack Mfr., LLC v RDK Truck Sales & Servs.*, No. 8:10-cv-1870, 2011 U.S. Dist. LEXIS 97274, at *32 (M.D. Fla. Aug. 10, 2011). For example, in *Augme*, patent infringement and trademark infringement claims were severed for

9

judicial economy because these claims "require the presentation of different witnesses and proof at trial" and because similar patent claims were already pending in a different case. 2012 WL 2402065, at *3. And, in *Tab Express*, the court determined that the potential prejudice to plaintiff from not severing defendants' counterclaims outweighed the prejudice to defendant caused by severing. 215 F.R.D. at 624.

In this case, the claims should be severed at least for the reasons discussed in Part IV, *supra*, even if the Court determines that Bonutti Skeletal was properly joined. Considerations of judicial economy further tip the scales of justice toward severance for at least two reasons: (1) the Patent Claims will require the presentation of different witnesses and proof at trial than the Contract and Tort Claims; (2) if the Patent Claims are not severed, two different district courts[4] may need to conduct two distinct cases involving the same issues and requiring the presentation of the same witnesses and proof at trial. Bonutti Skeletal would be prejudiced if this case were not severed and dismissed or at least not transferred, in that it may face different results in two different forums, and would have to undergo the extra cost and expense of proceeding in two different forum. On the other hand, ConforMIS would not be prejudiced by severance, and dismissal or transfer as it would still be able to participate in the first–filed Delaware Action. Additionally, because the two sets of claims in the present action are not reasonably related and would not include the same proof or witnesses at trial, severance would not require ConforMIS to duplicate its efforts. Accordingly, in the interests of justice, ConforMIS's Patent Claims should be severed from its contract and tort claims.

---

[4] The District of Delaware (Judge Sleet) has three other patent infringement actions currently pending against three other parties on the '896 Patent (Ex. B-D.)

10

## VI. THE COURT HAS BROAD DISCRETION TO DISMISS CONFORMIS'S DECLARATORY JUDGMENT CLAIMS

This Court may, in its discretion, dismiss the Patent Claims of Counts I and II against Bonutti Skeletal. *New England Pottery, LLC v. Holiday Creations, Inc.*, No. 07-11325, 2008 WL 364273, at *1 (D. Mass. Feb. 11, 2008) ("The Declaratory Judgment Act does not require a court to exercise jurisdiction: it provides that, where a case or controversy exists, the court '*may* declare the rights and other legal relations of any interested party seeking such declaration…" (quoting 28 U.S.C. § 2201). In deciding whether to exercise this discretion and dismiss a declaratory judgment action, a "court must make a reasoned judgment whether the investment of time and resources will be worthwhile." *Serco Servs.*, 51 F.3d at 1039. In *New England Pottery*, this Court dismissed a first-filed declaratory judgment action instead of transferring it to join the later-filed coercive action in Colorado to avoid "superfluous pleadings." 2008 WL 364273, at *2. Certainly, if the Court has discretion to dismiss the first filed declaratory judgment action instead of transferring it to join a later filed action, the Court certainly has discretion to dismiss the second filed declaratory judgment action in favor of the first-filed coercive Delaware Action. In this regard, the Court lacks subject matter jurisdiction in the second filed action for declaratory judgment where, as here, there is already a first filed action, and thus the accused infringer in the first filed action, i.e, ConforMIS has no reasonable apprehension of being threatened or served with yet a second action by Bonutti Skeletal for infringement of the '896 patent. In the interest of sound judicial policy and to prevent similar motion practice by litigants, the Court should dismiss the Patent Claims of Counts I and II against Bonutti Skeletal.

## VII. THE CLAIMS AGAINST BONUTTI SKELETAL SHOULD BE TRANSFERRED TO THE DISTRICT OF DELAWARE.

In the alternative, if the Court fails to dismiss the action against Bonutti Skeletal, Bonutti Skeletal also respectfully requests that the Court transfer this action to the District of Delaware

11

pursuant to 28 U.S.C. § 1404(a) because Bonutti Skeletal filed the Delaware Action months before ConforMIS filed this action. In patent infringement actions, "the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Federal Circuit law, rather than the law of the regional circuits, governs this issue. *Serco Servs.*, 51 F.3d at 1038. Deviation from the first-filed rule is permitted when a balance of convenience favors allowing a later action to proceed. *See Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 124 (D. Mass. 2000). In balancing convenience, this Court considers: "1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interest at stake." *Id.* at 125.

Because the Delaware Action is the first-filed action and because the considerations of judicial and litigant economy, and the just and effective disposition of the patent infringement dispute weigh heavily toward transfer based on the same considerations as discussed in Parts III-VI, *supra*, the first-filed Delaware Action should be favored over the present action for trying claims relating to infringement of the '896 Patent.

The balancing-convenience analysis further favors application of the first-filed rule and transferring the severed claims to Delaware. At the outset, there is a presumption in favor of Bonutti Skeletal's chosen forum of Delaware. *See id*. (citing *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 719 (1st Cir.1996)). The presumption is particularly strong here because Delaware is Bonutti Skeletal's home forum and "[w]hen a plaintiff chooses his home forum, the choice more likely represents considerations of convenience rather than vexation or harassment to the defendant, thus elevating the hurdle the [other party] is required to clear to warrant

12

transfer." *Id.*  In its motion to transfer the Delaware Action to this Court, ConforMIS argued that "convenience of the parties and witnesses plainly weighs in favor of transfer to the District of Massachusetts." (Ex. B. at 15)  But, because there is a presumption in favor of Bonutti Skeletal's choice, "transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other."  *Kleinerman*, 107 F. Supp. 2d at 125 (citing *Trans National Travel, Inc. d/b/a TNT Vacations v. Sun Pacific Intern., Inc.*, 10 F.Supp.2d 79, 81 (D.Mass.1998)).  Similarly, even though Massachusetts may be more convenient for some of ConforMIS's witnesses, because ConforMIS is the employer of some if not most of the key witnesses, ConforMIS "can assuredly secure the appearance…of those witnesses required to testify" outside of its preferred forum.  *Id.*  at 126.  On balance, these factors do not suggest that this is a case where the first-filed rule should not be followed.  Therefore, the claims against Bonutti Skeletal should be transferred to the District of Delaware where they can be consolidated with the Delaware Action.

## VIII. CONCLUSION

For the reasons discussed above, Bonutti Skeletal respectfully requests that the Court sever the Patent Claims of Counts I and II from the remaining Contract and Tort Claims of Counts III-VI, and that the Court dismiss Counts I and II as to Bonutti Skeletal, or in the alternative transfer the severed Patent Claims to the District of Delaware.

Dated: April 22, 2013                                   Respectfully Submitted,

                                                        By: /s/ Kevin Gannon
                                                        HAYES BOSTOCK & CRONIN LLC
                                                        Paul J. Hayes (BBO# 227000)
Of Counsel:                                             Paul J. Cronin (BBO# 641230)
STROOCK & STROOCK & LAVAN LLP                           Kevin Gannon (BBO# 640931)
Brian M. Rothery                                        300 Brickstone Square, 9th Flr.
Steven B. Pokotilow                                     Andover, MA 01810
Deepal S. Chadha                                        Tel: (978) 809-3950
180 Maiden Lane                                         phayes@hbcllc.com
New York, NY 10038                                      pcronin@hbcllc.com
(212) 806-5400                                          kgannon@hbcllc.com

                                                        *Attorneys for Defendant BONUTTI SKELETAL
                                                        INNOVATIONS LLC*

NY 74541510

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 22, 2013.

/s/ Kevin Gannon
Kevin Gannon

NY 74541510